IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TORI NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    1:13CV904 |
| | ) |
| POLICE OFFICER ANNA STERLING, et al., | ) |
| | ) |
| Defendant(s). | ) |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Tori Neal, a prisoner of the State of North Carolina currently serving a life sentence for first-degree murder,[1] submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). However, before the Court could screen the Complaint, Plaintiff submitted a letter asking to withdraw the Complaint.  The undersigned then recommended that his letter be treated as motion to withdraw the Complaint without prejudice and that the action be closed.  However, later on the same day the Court entered that Recommendation (Docket Entry 5), a second letter (Docket Entry 7) arrived asking the Court to disregard the first letter and to instead accept a brief addition to the Complaint.  Plaintiff later wrote a third letter (Docket Entry 8) noting that the Recommendation and his second letter crossed in the mail and asking the Court to allow the matter to proceed.   Having reviewed the situation, it is now clear that

---

[1] *See* http://www.doc.state.nc.us/offenders (search for inmate number "0937458" last completed Feb. 27, 2014, 2010).  Plaintiff uses this inmate number throughout his pleadings and it corresponds to "Tory Nelson," also known as "Tori Neal."

Plaintiff wishes to proceed, rather than withdraw the Complaint. Therefore, the Court will withdraw the prior Recommendation and let the case continue, with the next order of business being to now screen the Complaint.

Plaintiff names Anna Sterling, who is a police officer in Durham, North Carolina, the Durham Police Department, and Ibrihim Waheed as Defendants. He alleges that Sterling "wrongfully arrested" him on or about December 7, 2009 to December 16, 2009. The State indicted Plaintiff later in 2009 for first-degree burglary, attempted robbery with a dangerous weapon, and assault by pointing a gun and he remained in custody under a bond he could not meet until his trial on November 12, 2010. He claims he was acquitted at trial.

As for his specific allegations against the named defendants, Plaintiff alleges that Defendant Waheed gave false statements against him to investigators and false testimony in court. He also claims that Waheed acted in concert with Waheed's girlfriend, Sharonda Brown, in doing so, but does not name Brown as a defendant. Plaintiff asserts that Waheed's statements were such that it "was hard for anybody with a rational mind to find [them] true, credible, or believable." (Docket Entry 2, § V.) Nevertheless, Sterling, acting at least in part on these statements, obtained a complaint and warrant for Petitioner's arrest. Plaintiff states that she "knew or should have known" that Waheed's statements were insufficient to support her investigation and the criminal proceedings. (Id.) He also contends that Sterling violated Durham Police Department policy by showing Waheed the same photographic lineup she showed to Brown two weeks earlier with Plaintiff's picture in the same position

in both lineups.  Regarding the Durham Police Department, he claims only that Sterling "was/or should have been trained" to follow its lineup policy.  (Id.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint.  28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id.[2]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).  For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

The application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context.  See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955).  The statute of limitations in this case is three years.  See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury).  A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  Nasim, 64 F.3d at 955.

---

[2]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Here, Plaintiff contends that Defendant Sterling investigated him for having committed several crimes before arresting him on a complaint in early to mid-December of 2009. Plaintiff also alleges that Sterling acted incorrectly regarding the showing of photographic lineups and that she should not have believed Defendant Waheed and his girlfriend's accusations against Petitioner. However, Plaintiff did not file his Complaint until October of 2013, or almost four years after Sterling's investigation resulted in Petitioner's arrest, which he certainly would have known of at the time. Any claims stemming from the investigation and arrest are barred on their face by the statute of limitations and should be dismissed for that reason. This includes not only the investigation and arrest claims related to Defendants Sterling and Waheed, but also the claim against the Durham Police Department based on its potentially improper training of Sterling with regard to lineup procedures.

Even if the statute of limitations did not bar Plaintiff's investigation and arrest claims, they also suffer from other fatal defects. First, Defendant Waheed is a crime victim/witness and a private actor rather than a state actor. Absent circumstances not alleged here, only state actors are proper defendants under § 1983. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). Therefore, any claims against Waheed fail for this separate reason. Additionally, Plaintiff must demonstrate that Sterling procured his arrest without an objectively reasonable belief that probable cause existed. Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994). However, Plaintiff alleges that Sterling arrested Plaintiff based on statements from Waheed and Waheed and Brown's viewing of the photographic lineup.

Plaintiff contends that Waheed's statements were inherently incredible, but makes only a conclusory assertion to this effect without providing a single supporting fact.

Further, Plaintiff's claim as to the lineup is that Sterling erred by showing the same lineup to Waheed after showing it to Brown. However, Plaintiff makes no claim that the initial showing of the lineup to Brown was somehow improper or that any identification from that lineup would not support his arrest. Thus, it appears that Sterling possessed a witness statement from Waheed and a photographic identification from Brown. Such circumstances generally would provide probable cause for Plaintiff's arrest, see Baker v. Wittevrongel, No. 09-2174, 363 Fed. Appx. 146, 150 (3d Cir. Jan. 29, 2010) (unpublished), Plaintiff alleges no facts to show otherwise, and a grand jury ultimately agreed when it indicted Plaintiff. In the end, even the sparse facts alleged in the Complaint support an objectively reasonable belief that probable cause existed.

Finally, Plaintiff relies heavily on Durham Police Department policy to establish his claim based on the photographic lineup, but violations of local policy do not equal a violation of federal rights. He does not set out sufficient additional facts in the present case to allege such a violation. In summary, Plaintiff's claims for false arrest are time barred, partially brought against a private actor, conclusory to the point that they do not state a claim for relief, and fail based on the existence of probable cause for his arrest. They should be dismissed.

In clarifying that he wished to proceed, Plaintiff amended his Complaint to add a claim for malicious prosecution. Strictly speaking, a "malicious prosecution" claim does not

exist under § 1983, but an analogous claim arises under the Fourth Amendment of the United States Constitution.  Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009).  For such a claim, Plaintiff must allege that Defendants continued to prosecute him following an arrest made on a warrant, but after they knew or should have known of his innocence.  He would also need to show that the charges against him terminated in his favor.  Miller v. Prince George's Cnty., Md, 475 F.3d 621, 627 (4th Cir. 2007); Brooks, 85 F.3d at 181-84.

Plaintiff alleges favorable termination of the charges against him, but otherwise does not state a claim for relief.  His allegations against Sterling and the Durham Police Department all pertain to her investigation and arrest of Plaintiff.  He makes no allegation regarding Sterling for any actions taken after his arrest and indictment.  Even if construed to contain such contentions, the entirely conclusory nature of Plaintiff's allegations that Sterling should have known of his innocence still would doom any such claims.  Plaintiff does make an allegation that Waheed testified falsely at his trial, but, as discussed above, Waheed is not a proper Defendant under § 1983.  Therefore, Plaintiff states no claim for malicious prosecution and the Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $12.27. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that the prior Recommendation (Docket Entry 5) that the case be deemed withdrawn is itself withdrawn.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $12.27.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April, 2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 5th day of March, 2014.


_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**